# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

CHRISTOPHER BENDANN

Case No. 1:23-cr-00278-JKB

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

- [x] (1) This is a case in which the [government may properly seek detention] or [the court may consider ordering detention sua sponte].
- [x] (2) The defendant is charged under: __18 USC 2251(a); 2252A(a)(5)__
- [x] (3) The maximum term of imprisonment, if convicted, is: __15 years mm to 30 years__
- [x] (4) Based on the government's [proffer] [evidence] there is probable cause to believe that the defendant committed the offense(s) charged.
    - [x] The government is entitled to a presumption under § 3142 (e) [describe in Part II].
    - [ ] The defendant has failed to rebut this presumption [as to flight risk] or [as to danger].
- [ ] (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.
- [x] (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.
- [x] (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure [the defendant's presence at trial or as otherwise required] [community safety].

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

Please see attached written narrative, included as attachment.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

August 21, 2023
Date

J. Mark Coulson
United States Magistrate Judge

U.S. District Court (9/2009) Criminal Magistrate Forms: Order of Detention

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *

vs.       Case No.    1:23-cr-00278-JKB

CHRISTOPHER BENDANN       *

******

## ATTACHMENT TO ORDER OF DETENTION

The Court discussed in detail its reasons for ordering pretrial detention in this case at this morning's hearing, and those are incorporated by reference. As a supplement to the Court's formal detention order, the Court summarizes those reasons below in relation to the criteria set forth in the Bail Reform Act, 18 U.S.C. 3142(g) (the "Act").

The nature and circumstances of the offense clearly weight in favor of the Government. The allegations are that the minor victim was a student and advisee of Defendant who was a teacher at his school. Defendant also was entrusted by parents in the school community to house sit and baby sit, and some of the alleged abuse involving the minor victim occurred in such settings. Moreover, there are allegations of grooming behavior involving the minor victim and other students, corroborated in part by text messages. Using this position of trust to victimize the minor victim (at a minimum), as alleged here, makes the case particularly disturbing. The Act itself specifically references offenses involving minor victims as a factor to be included in assessing this issue. Moreover, based on the crimes charged, Congress has imposed a presumption of detention where probable cause supports the charge (as the Grand Jury determined here), reflecting its substantive judgment that particular classes of offenders should ordinarily be detained prior to trial because of a propensity of such offenders to engage in criminal conduct undeterred by the severity of the charges or release conditions. *See United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). The presumption can be rebutted where a defendant successfully is able to "present all the special features of his case that take it outside the congressional paradigm." *Id*. at 945-46. The Court finds that Defendant's successful time on release while charges based on some of the same conduct were pending in Baltimore County does rebut the presumption, but it "remains a factor in the Court's totality of circumstances analysis." *United States v. Anderson*, 2020 WL 1929440 at *2 (D. Md. Apr. 20, 2020).

The strength of the proffer by the Government is also a factor heavily in its favor. Here, the Court based its decision-making on the five videos described by the Government as recently uncovered from the electronic evidence seized. These include five videos when the victim was still a minor, several of which depict Defendant himself or his vehicle. There are also text messages between Defendant and the minor victim, as late as December of 2022, that corroborate his prior statements regarding Defendant's demands for images. While not still a

minor at that time, when coupled with the above-referenced videos, this evidence suggests pattern of long-term abuse. And, while the Court does not give great weight to uncharged behavior involving unnamed victims, the Court does note text messages that appear to corroborate that conduct.

The history and characteristics of the Defendant are significant in that Defendant has no prior criminal convictions. However, the strength of the proffer listed above calls into question the character and past conduct of Defendant while in a position of trust. That these allegations involve a person in a high trust position with a victim to whom Defendant gained access as a result of violating that trust and whose alleged actions remained undetected by friends, loved ones and the school community undermines the Court's confidence with compliance, which itself is fundamentally based on trust.

Defendant has pointed the Court to the state court decision that released Defendant on conditions of pretrial release regarding the pending state charges. While not binding, the Court has often considered such prior release decisions as important in its own decision-making, especially where there has been some record of compliance by Defendant with such release conditions as is present in this case. However, there are important differences between the posture of the case at the time of that state court release decision and the posture now. First, the state charges carry no presumption of detention. Second, the state pretrial release officials recommended release, unlike Pretrial Services' recommendation for detention. Third, the strength of the proffer at the time of that decision was essentially limited to the allegations by the minor victim; now, those allegations are strongly corroborated by the video evidence to which the Government was only recently granted access. Fourth, there is now evidence that Defendant attempted to delete the video evidence when allegations about inappropriate conduct surfaced, just prior to his state arrest. Finally, the penalties for the current federal charges include significant mandatory minimum sentences of fifteen years for each of the first five counts.

These factors, reflecting a strong case with video evidence and significantly higher penalties, all exacerbate the potential incentive for Defendant to attempt to intimidate the minor victim and other accusers, and obstruct the Government's investigation. The fact that much of the conduct was internet-based also gives the Court significant pause. While "no computer/no access" orders can be entered, their enforcement in an age where many devices provide the opportunity for internet activity not easily prevented or detected increase the danger for additionally potential offenses, interaction or intimidation of the minor victim directly or indirectly, or other potential witnesses and victims. In short, Defendant's apparent compliance when the stakes were much lower and the alleged conduct uncorroborated does not provide an "apples to apples" comparison to whether compliance can be reasonably assured when the stakes are much higher and where corroboration is significantly stronger.