IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. JKB-23-0278 |
| CHRISTOPHER BENDANN | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH SEARCH WARRANTS**

COMES NOW the defendant, Christopher Bendann, through counsel, Christopher C. Nieto, who hereby moves this Court to suppress any tangible and derivative evidence obtained and seized by law enforcement in connection with the issuance and execution of two search warrants in February of 2023. In support thereof, he states as follows:

1. The defendant, Christopher Bendann, is charged in a multi-count indictment with five counts of Sexual Exploitation of a Minor and one count of Possession of Child Pornography, in violation of 18 U.S.C.§ 2251(a) and §2252A(a)(5)(B).

2. According to discovery materials, Baltimore County police were contacted on January 21, 2023 regarding Christopher Bendann and Gilman School. Specifically, police were told that Mr. Bendann allegedly provided alcohol to students and requested that they run naked at St. Paul's School and Meadowood Park in July and August of 2021. Subsequent investigation by law enforcement revealed a specific incident of alleged alcohol purchasing and associated naked running in September of 2021, as well as allegations of sexual exploitation of a minor from 2016 to 2019[1].

---

[1] The complaining witness turned eighteen years old in 2019.

2. Based on these allegations of misconduct some two to seven years prior to February 2023, both federal and state law enforcement sought search and seizure warrants against Mr. Bendann. Baltimore County police sought and obtained a search warrant for Mr. Bendann's house, car and person on February 1, 2023. *See Exhibit 1*. Federal law enforcement sought and obtained a similar warrant on February 9, 2023 for the electronic devices obtained during the execution of the state search warrant the week prior. *See Exhibit 2*.

3. Mr. Bendann respectfully submits that these state and federal warrants were issued without probable cause and in violation of Mr. Bendann's rights under the Fourth Amendment to the United States Constitution. Specifically, the affidavit in support of the search warrants did not establish probable cause that evidence of a crime would be found on these devices in February of 2023. Additionally, the affidavit in support of these search warrants were based on stale information that does not justify a finding of probable cause. Accordingly, the evidence obtained from these illegal searches should be suppressed.

4. The Fourth Amendment prohibits governmental intrusions into private dwellings without a warrant supported by probable cause, subject to only a few carefully delineated exceptions. *Thompson v. Louisiana*, 469 U.S. 17, 19-20, 105 S.Ct. 409, 410-11, 83 L.Ed.2d 246 (1984); *United States v. Cotnam*, 88 F.3d 487, 495 (7th Cir. 1996). "In terms that apply equally to seizures of property and to persons, the Fourth Amendment has drawn a firm line at the entrance to the house." *Coolidge v. New Hampshire*, 403 U.S. 443, 474-75, 91 S.Ct. 2022, 2042-43, 29 L.Ed. 564 (1971). The warrant requirement serves to interpose between the police and an individual's personal privacy; an orderly procedure involving a magistrate that is neutral and detached. *Johnson v. United States*, 333 U.S. 10, 14 (1948). The warrant process is intended to avoid

allowing the determination of probable cause to rest with the zealous actions of the police who are "engaged in the competitive enterprise of ferreting out crime."  *Id*.

5.  In order for the magistrate to make an informed and knowing judgment, "the affidavit presented must contain adequate facts about the underlying circumstances to show that probable cause exists for the issuance of a warrant."  *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996).  Probable cause to issue a search warrant is found by looking at the "totality of the circumstances" contained within the four corners of the affidavit.  *Illinois v. Gates*, 462 U.S. 213, 237 (1983).  A failure to ensure that affidavits contain more than "bare bones" conclusions is an abdication of the duty of the issuing judge. *Gates*., at 239.

6.  "In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993) (affirming District Court's holding that search warrant was invalid because there was no nexus between defendant's drug activity and his residence.)

7.  A police officer seeking the issuance of a search warrant must present an affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause." *Gates* at 239. The supporting affidavit must make it apparent, that there is some nexus between the items to be seized and the criminal activity being investigated. *See Warden v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). *See Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon the probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or

affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'")

8. Although there is no specific time requirement for a finding of probable cause to issue a search warrant, "it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210 (1932).  If the affidavit supporting the search warrant sworn to contains stale information and was facially deficient as to the location in question, that cannot justify a finding of probable cause. *Id.*

9. In this case, the police failed to establish sufficient probable cause to support a search warrant for the residence, electronic devices, car or person of Mr. Bendann. The affidavit submitted to the Baltimore County District Court falls short because the only allegations of illegal conduct contained within the affidavit allegedly occurred years prior. There had been no allegations of any criminality since September of 2021, with the bulk of the alleged criminal conduct to have occurred prior to 2019, and there no support for ongoing criminal activity at the time and for the place for which the warrant was issued.

10. Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted). The good faith exception of Leon does not save the warrant. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the Supreme Court held that evidence obtained by "officers reasonably relying on a warrant issued by a detached and neutral magistrate" is

admissible, 468 U.S. 897, 913 (1984). However, this "good faith" exception does not apply in four situations: first, when the warrant is based on an affidavit containing "knowing or reckless falsity"; second, when the magistrate has simply acted as a "rubber stamp" for the police; third, when the affidavit does not "provide the magistrate with a substantial basis for determining the existence of probable cause"; and finally, when the warrant is so "facially deficient" that an officer could not reasonably rely on it, *Leon* at 923. We submit that here the state and federal Judges, in essence, acted as a "rubber stamp" and that the Affidavits failed to provide the Judge with any basis by which to determine the existence of probable cause.

WHEREFORE, Mr. Bendann respectfully requests that this Court issue a pre-trial ruling barring the government from admitting at trial in this case any evidence obtained in connection with the unlawful search warrants.

Respectfully submitted,

/S/
CHRISTOPHER C. NIETO
The Law Office of Christopher C. Nieto, LLC
1 North Charles Street, Suite 1301
Baltimore, Maryland 21201
Tel: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District

of Maryland, Mr. Bendann requests a hearing on this motion.

>   _____/s/_____
>   CHRISTOPHER C. NIETO
>   Attorney for Mr. Bendann

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2024, a copy of the foregoing Motion to Suppress Evidence was delivered, via ECF, to Colleen McGuinn and Kimberly Hagan, Assistant United States Attorneys.

>   _____/s/_____
>   CHRISTOPHER C. NIETO
>   Attorney for Mr. Bendann