IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. JKB-23-0278 |
| CHRISTOPHER BENDANN | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO SUPPRESS EVIDENCE OBTAINED FROM CELLPHONE**

COMES NOW the defendant, Christopher Bendann, through counsel, Christopher C. Nieto, who hereby moves this Court to suppress any tangible and derivative evidence obtained and seized by law enforcement from Mr. Bendann's cell phone. In support thereof, he states as follows:

1. The defendant, Christopher Bendann, is charged in a multi-count indictment with five counts of Sexual Exploitation of a Minor and one count of Possession of Child Pornography, in violation of 18 U.S.C.§ 2251(a) and §2252A(a)(5)(B).

2. According to discovery materials, state and federal agents assisted in the execution of a search warrant at Mr. Bendann's home on February 3, 2023 around 5:20am. Upon entry into the home, Mr. Bendann was placed in custody and read his Miranda Rights. Mr. Bendann indicated that he understood and invoked his right to remain silent without his attorney present.

3. During the execution of this warrant, agents located a cellphone on the dresser next to the bed. The device had facial recognition biometrics engaged on the phone, so law enforcement placed the phone in front of Mr. Bendann's face[1]. The phone then prompted Mr. Bendann to enter his passcode.

---

1 In their search warrant application, Baltimore County police sought and received permission from the Court to utilize biometric features to unlock electronic devices. They knew that the opportunity to unlock a device this way

–1–

4.      Despite the invocation of his right to remain silent, Baltimore County Detective Merkel directed and compelled Mr. Bendann to enter his passcode into the phone. He was in custody, surrounded by law enforcement, and was not free to leave. His compliance with this request was involuntarily.

5.      In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court decided that certain prophylactic warnings are necessary to safeguard a defendant's right against self-incrimination. If a person in custody indicates that he wants to remain silent, he may not be questioned further unless he initiates communication, or (1) a significant period of time has passed after the initial questioning ceased, (2) the suspect is given a fresh set of Miranda warnings, and (3) the second interrogation concerns a crime that was not a subject of the first interrogation. *Michigan v Mosley*, 423 U.S. 96, 106 (1975). If the suspect invokes the right to counsel, questioning may resume when an attorney has been provided or the suspect has knowingly and voluntarily relinquished his right to counsel. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981).

6.      Any statement made in police custody, in response to questions, is inadmissible unless the record clearly shows that the entire series of warnings was provided and that the defendant knowingly and intelligently waived these rights. The government has the burden of showing that any waiver of rights was knowingly, voluntary and intelligent. Because Mr. Bendann did not knowingly, voluntarily or intelligently waive his Miranda rights, his entering of the passcode to this phone should be suppressed, as well as any fruit of this violation of his constitutional rights. *Wong-Sun v. United States*, 371 U.S. 471 (1963).

---

may exist for only a short period of time. Law enforcement had not anticipated the need for a passcode, in addition to the facial recognition, when putting the phone in front of Mr. Bendann's face.

7. The test for voluntariness is whether the statement is "the product of an essentially free and unconstrained choice by it's maker." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973). The Court must determine whether Mr. Bendann's entry of the passcode was "the product of an essentially free and unconstrained choice by its maker," *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961), and to do so upon a view of the "'totality of the circumstances.'" *Wyrick v. Fields*, 459 U.S. 42, 47 (1982) (quoting *Edwards v. Arizona*, 451 U.S. 477, 483 (1981)).

WHEREFORE, Mr. Bendann respectfully requests that this Court issue a pre-trial ruling barring the government from admitting at trial in this case any evidence obtained in connection with the passcode-aided search of this cell phone.

Respectfully submitted,

 /S/
CHRISTOPHER C. NIETO
The Law Office of Christopher C. Nieto, LLC
1 North Charles Street, Suite 1301
Baltimore, Maryland 21201
Tel: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Mr. Bendann requests a hearing on this motion.

_____/s/_____
CHRISTOPHER C. NIETO

–3–

Attorney for Mr. Bendann

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February, 2024, a copy of the foregoing Motion to Suppress Evidence was delivered, via ECF, to Colleen McGuinn and Kimberly Hagan, Assistant United States Attorneys.

_____/s/_____
CHRISTOPHER C. NIETO
Attorney for Mr. Bendann