**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA

v.                                                          Criminal No.: JKB-23-0278

CHRISTOPHER BENDANN

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION *IN LIMINE* OBJECTING TO IMAGES BEING INTRODUCED**
**ABSENT AN ADMISSIBLE CHAIN OF CUSTODY**

Now comes Christopher Bendann, by and through undersigned counsel, to respectfully request that the Court preclude the admission of the images in question absent an admissible chain of custody. In support, Mr. Bendann states the following:

1. Trial in this matter is scheduled to begin on August 21, 2024.

2. Counts 1 through 6 all include identical language alleging that the images in question were obtained as a result of a search of "an internet-based iCloud account associated with DSID: 105474467 and cbendann@gmail.com."   ECF 96.

3. It is counsel's understanding that the Government obtained said images by sending Apple a copy of a search warrant.[1]   As a result Apple sent an encrypted link to the iCloud file to the FBI in Quantico.   Quantico clicked on the link, downloaded said encrypted file and provided the contents of it to the Case Agent in this matter. Counsel's understanding is that the Government intends to call neither an employee of Apple nor the person that physically extracted the file from the link provided by them.

4. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Ev 901.   With regard to electronic data the

---

[1] Counsel is not challenging the validity of the search warrant, this motion *in limine* goes solely to the admissibility of what was obtained as a result of it.

proponent "must make the record and certification available for inspection."   Fed. R. Ev. 902(11) – (14).

5.   Counsel has indeed been given access to the record, but they have never been able to see the data in its native format as provided by Apple.   Their review has commenced with the data already extracted.   As the proposed jury instructions show, an element of the offense that the jury must find beyond a reasonable doubt is that "the minor victim alleged in the Superseding Indictment was under the age of eighteen."   The Government intends to prove this element, in part, by showing that the files in question were created on dates prior to the Minor Victim's eighteenth (18) birthday.   By the same token: the Government intends to use the geographic locations embedded in the files to corroborate witness testimony during trial in this matter.   Accordingly, the validity of the data is very much in question.   Simply put: said images should not be admissible absent a chain of custody from soup to nuts.   By allowing the Case Agent to testify to the date and place of creation of said images without a proper foundation being laid will violate Defendant's rights to Due Process and the Confrontation Clause.

6.   At this time, the Government has not produced its Exhibits or a witness list, so it could be that this issue will be rendered moot later.   Counsel deems it is prudent to flag the issue now so that a jury is not kept waiting when the Government moves said Exhibits into evidence.

**WHEREFORE**, Mr. Bendann respectfully requests that the Court preclude the admission of the images in question as outlined herein.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Christopher Nieto
233 E. Redwood Street, Suite 1000C
Baltimore, MD 21202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of August, 2024 a copy of the foregoing Motion

*in Limine* was filed via ECF, which will cause it to be served on all counsel of record.

_____/s/_____
Gary E. Proctor
Attorney for Mr. Bendann