# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER KENJI BENDANN,<br><br>Defendant. | CASE NO: JKB-23-278 |

## GOVERNMENT'S RESPONSE TO DEFENSE MOTION *IN LIMINE* OBJECTING TO INADMISSIBLE PHOTOGRAPHS (ECF 109)

The defense seeks to preclude the government from introducing "photos of a text conversation" or "photos forwarded through various sets of hands." The only example cited in the defense's motion is Defense Exhibit A.[1] The government does not intend to introduce at trial the photograph depicted in Defense Exhibit A, nor does it intend to introduce photographs of text messages forwarded through various individuals.

The government does, however, intend to introduce text messages recovered from various devices and accounts between Bendann and Minor Victim that include statements of the defendant admissible as an opposing party's statement under Federal Rule of Evidence 801(d)(2)(A). Minor Victim's statements within these text messages are also admissible because they are not hearsay as they are not offered for the truth of the matter asserted. See Fed. R. Evid. 801(c)(2). A classic example of non-hearsay statements are statements offered for their effect on the listener. *United States v. Gallagher*, 90 F.4th 182, 195 (4th Cir. 2024). Such statements are not hearsay because their relevance does not depend on whether the declarant spoke the truth, rather the statements are offered to show a reaction or state of mind of the recipient. *Id*. See also, *United States v. Safari*,

---

[1] The defense describes its Exhibit A as a photo alleged to be a Snapchat conversation between Minor Victim 1 and Bendann. The conversation depicted in defense Exhibit A is not between Bendann and Minor Victim 1, rather it is a conversation between Bendann and another Gilman student, one who will not be testifying at trial.

849 F.2d 891 (4th Cir. 1988) (letters to defendant detailing plans to smuggle drugs did not constitute hearsay because they were admitted to show defendant's knowledge that package contained drugs); *United States v. Edelen,* 561 Fed.Appx. 226 (4th Cir. 2014) (text message admitted into evidence was not hearsay because it supported an inference that defendant likely received certain information about kidnapping victim prior to the commission of the offense); *United States v. Gibbs*, 680 Fed.Appx. 184 (4th Cir. 2017) (defendant's outgoing messages were admissible under Fed. R. Evid. 801(d)(2)(A), and the incoming messages were admissible to show their effect on defendant.) Similarly, in this case the government intends to introduce Bendann's own statements against him as permitted under 801(d)(2)(A) and Minor Victim's statements contained within the same conversations as admissible as non-hearsay. These conversations were recovered from Minor Victim's devices and Bendann's Apple iCloud account.

Bendann's Motion *In Limine* argues generally that a certain type of photograph should not be admissible so as to alert the court of the issue. Without additional information, the court should defer ruling on this motion so as to permit defense counsel to specifically articulate the basis for an objection to specific exhibits.

                                            Respectfully submitted,

                                            Erek L. Barron
                                            United States Attorney

By: _____
     Colleen E. McGuinn
     Kim Y. Hagan
     Assistant United States Attorneys