IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-23-0278 |
| CHRISTOPHER KENJI BENDANN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court issues this Memorandum and Order to clarify certain issues regarding sealing in this case.

### I. Government's Sentencing Memorandum

The Government filed a Motion to Seal Government's Sentencing Memorandum. (ECF No. 170.) That document was filed under seal. However, it does not itself contain any information that requires sealing, and only explains that the Sentencing Memorandum contains identifying information relating to minors, which should not be made available to the public. (*Id.*) Even when an underlying document should be sealed, it is seldom necessary for the Government's arguments in support of sealing to be restricted from the view of the public. Accordingly, the Government's Motion to Seal Government's Sentencing Memorandum will be unsealed. Because the Court finds that it is appropriate to seal the information relating to minors, however, the Motion to Seal Government's Sentencing Memorandum will be granted.

Along with the Motion to Seal Government's Sentencing Memorandum, the Government filed an unredacted version of its Sentencing Memorandum under seal. (ECF No. 171.) As the Motion to Seal Government's Sentencing Memorandum (ECF No. 170) explains, the Sentencing Memorandum contains identifying information relating to minors. Thus, the unredacted

Sentencing Memorandum is properly maintained under seal.

The Government also filed an unsealed, redacted version of the Sentencing Memorandum. (ECF No. 173.) However, the Government later realized that the document disclosed information that should have been redacted, so the document was sealed, and the Government filed a Motion to Seal Government's Redacted Sentencing Memorandum Filed and Replace with Attached Government's Amended Redacted Sentencing Memorandum. (ECF No. 174.) In that Motion, which was itself filed entirely under seal, the Government asks that the Court maintain the incorrectly redacted Sentencing Memorandum (ECF No. 173) under seal and replace it with an attached, correctly redacted Sentencing Memorandum (ECF No. 174-2). (ECF No. 174.) While the Court believes that this request is likely appropriate, it appears that there is some identifying information, possibly of a minor, on page 14 of ECF No. 174-2.[1] Accordingly, the Court will direct the Government to advise whether such reference should be redacted. To the extent that this reference should be redacted, the Government must refile yet another redacted version of the Sentencing Memorandum. If the Government refiles another redacted version of the Sentencing Memorandum, that document should not be filed under seal.

II.     **Government's Exhibits to Sentencing Memorandum**

The Government also filed a Motion to Seal Attachments to Sentencing Memorandum. (ECF No. 172.) That document was also filed under seal. However, it does not itself contain any information that requires sealing and, as noted above, it is seldom appropriate to seal a motion to seal. Accordingly, the Motion to Seal Attachments to Sentencing Memorandum will be unsealed. Further, the Court previously granted that Motion. (ECF No. 175.) However, the Court's Order

---

[1] The Court also notes certain additional inconsistent redactions in ECF No. 174-2. For instance, on page 2, the Government redacts the year Minor Victim began eighth grade. But on pages 13 and 14, the captions on the images clearly indicate the years Minor Victim was in eighth grade. Further, on page 15, the Memorandum refers to a particular year as "just prior to Minor Victim's graduation from Gilman," but on page 16, the Government has redacted Minor Victim's graduation year.

granting the Motion was docketed under seal. That Order will be unsealed, given that it contains no information that cannot be made publicly available.

That Order will also be vacated. In the context of sentencing-related documents, "[a] sentencing memorandum is a judicial record that is presumptively accessible by the public." *United States v. McComber*, Crim. No. ELH-21-036, 2024 WL 2804039, at *9 (D. Md. May 31, 2024). The public has a First Amendment right of access to criminal trials, pretrial proceedings, sentencings, and documents submitted in connection with those proceedings. *In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850, 852 (4th Cir. 1989); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). Under the First Amendment, a court may restrict access only if such restriction is narrowly tailored to serve a compelling government interest. *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Further, Local Rule 207.2 provides that:

> Any post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will rule on such motion after sufficient time has passed to permit the filing of objections. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw or redact the materials.

Upon further review of the documents that the Government seeks to seal, the Court concludes that the Government's request to seal the entirety of Exhibits A and B (ECF Nos. 171-1, 171-2) likely sweeps too broadly, and that redaction of those documents could likely adequately protect the relevant interests. In any event, the Government did not explain in its Motion why alternatives to sealing do not provide sufficient protection. Accordingly, the Government will be directed to renew its request to seal Exhibits A and B to its Sentencing Memorandum. The Government must either provide redacted versions of these documents, or else explain why redaction is not appropriate. The Court will maintain Exhibit C under seal, given the Government's representation that it is a recorded interview of a minor and it therefore appears to

the Court that redaction would not be possible.

### III. Conclusion

Accordingly, it is ORDERED that:

1. The Motion to Seal Government's Sentencing Memorandum (ECF No. 170) is GRANTED.

2. The Motion to Seal Government's Redacted Sentencing Memorandum Filed and Replace with Attached Government's Amended Redacted Sentencing Memorandum (ECF No. 174) is HELD IN ABEYANCE, and the Government SHALL ADVISE the Court whether ECF No. 174-2 is properly redacted such that the Court may unseal it by 12 p.m. on January 10, 2025.

3. The Government SHALL ADVISE THE COURT by 12 p.m. on January 10, 2025 whether it opposes the Court's unsealing of the following documents:

    a. The Motion to Seal Government's Sentencing Memorandum (ECF Nos. 170, 170-1);

    b. The Motion to Seal Attachments to Sentencing Memorandum (ECF Nos. 172, 172-1); and

    c. The Motion to Seal Government's Redacted Sentencing Memorandum Filed and Replace with Attached Government's Amended Redacted Sentencing Memorandum (ECF Nos. 174, 174-1).[2]

4. The Clerk SHALL UNSEAL, then SHALL VACATE, the Court's Order granting the Motion to Seal Attachments to Sentencing Memorandum (ECF No. 175). However, the

---

[2] Although it appears that ECF No. 174 and ECF No. 174-1 do not require sealing, ECF No. 174-2 may contain a reference to a minor that requires redaction, as noted above.

4

Attachments to Sentencing Memorandum (ECF Nos. 171-1, 171-2) SHALL REMAIN SEALED until the Court orders otherwise.

5. The Government SHALL FILE a renewed Motion to Seal Attachments to Sentencing Memorandum, consistent with the directions provided above, by 12 p.m. on January 10, 2025.

DATED this 8th day of January, 2025.

BY THE COURT:

/S/ JAMES K. BREDAR
James K. Bredar
United States District Judge