IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | Criminal No.: JKB-23-0278 |
| | * |
| CHRISTOPHER BENDANN | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO STRIKE IMPERMISSIBLE VICTIM IMPACT STATEMENTS**

Now comes Christopher Bendann, by and through undersigned counsel, to respectfully request that the Court strike the impermissible victim impact statements as outlined below. In support, Mr. Bendann states the following:

1. Sentencing in this matter is scheduled for January 21, 2025.

2. On today's date, January 8, 2025, the undersigned received what purported to be victim impact letters from the Government and their Victim Impact Coordinator. These letters were also emailed directly to Chambers contemporaneously with providing the defense a copy. As such, counsel for Mr. Bendann did not have an opportunity to review the contents or determine the authors of these letters in advance. After having now reviewed these "victim" impact statements, Counsel objects to said letters being introduced, included in the PSR or considered by the Court in fashioning an appropriate sentence in this case.

3. 18 U.S.C. § 3771 defines the rights of crime victims, but does not define who is considered to be a "victim". Notwithstanding the lack of clear delineation or definition, there can be little doubt, however, that a victim, as considered in the context of impact statements, must be proximately harmed by the events that bring us to sentencing. Defendant concedes that there is very little law on what a Judge may consider in the context of victim impact statements at a sentencing.

1

4. With that being said, the law is unambiguous that when a jury considers the appropriate sentence, victim impact testimony must be narrowly tailored to the impact of the harm caused by the defendant on those affected most by it.

5. Judge Bennett of the Court of Appeals for the Eighth Circuit poignantly demonstrated the validity of this assertion when he said,

> I can say, without hesitation, that the "victim impact" testimony presented in Honken's trial was the most forceful, emotionally powerful, and emotionally draining evidence that I have heard in any kind of proceeding in any case, civil or criminal, in my entire career as a practicing trial attorney and federal judge spanning nearly 30 years. Indeed, I cannot help but wonder if *Payne v. Tennessee*, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), which held that victim impact evidence is legitimate information for a jury to hear to determine the proper punishment for capital murder, would have been decided the same way if the Supreme Court Justices in the majority had ever sat as trial court judges in a federal death penalty case and had observed first hand, rather than through review of a cold record, the unsurpassed emotional power of victim impact testimony on a jury. It has now been over four months since I heard this testimony in the *Honken* trial and the juror's sobbing during the victim impact testimony still rings in my ears. This is true even though the federal prosecutors in *Honken* used admirable restraint in terms of the scope, amount, and length of victim impact testimony. To pretend that such evidence is not potentially unfairly prejudicial on issues to which it has little or no probative value is simply not realistic, even if the court were to give a careful limiting instruction. Rather, such potent, emotional evidence is a quintessential example of information likely to cause a jury to make a determination on an unrelated issue on the improper basis of inflamed emotion and bias-sympathetic or antipathetic, depending on whether one is considering the defendant or the victims' families.

*United States v. Johnson*, 362 F. Supp.2d 1043, 1107 (8th Cir. 2005).

6. Additionally, it is settled law that there is a "prohibition on characterizations and opinions from a victim's family members about the crime, the defendant, and the appropriate sentence." *Bosse v. Oklahoma*, 580 U.S. 1, 3, 137 S. Ct. 1, 2 (2016)

7. Against that backdrop, the letters provided by the Government counsel must be determined, prior to the Court's consideration of their contents, whether the authors

of these letters are, in fact, "victims" in this case. Additionally, they must also be reviewed for content that runs afoul of the *Bosse* rule.

8. Since Defendant is filing this in the public record, the authors of the letters are only referenced generally, and we have strived to summarize certain parts of the letters so as not to violate any possible privacy interests. As stated above, Chambers was already provided these letters in their entirety.

9. Taking the letters *seriatim*:

- The first letter is not written by a victim: the author is the mother of a *witness* at trial who also was not a victim. To be sure, witnesses at trials are not considered "victims" irrespective of how loosely that term may be construed. More importantly, their parents are certainly not victims either. This author opines in her letter for the "harshest penalty" and calls Mr. Bendann "vindictive and he will seek revenge…he is a monster..[and] an evil man." This type of incendiary commentary is so far beyond the pale of what is permissible in a sentencing context, it is curious as to why the Government even thought this letter appropriate to provide to the Court. This letter is impermissible at sentencing and should not be considered by this Court in any capacity.

- The second letter is from an adult witness that testified briefly at trial. Her testimony was, in essence, limited to undisputed facts, and cross examination was less than two minutes long. Nothing about her experience would make her a victim in this case. Nevertheless, the Government requested and submitted her letter to the Court. In it, she calls for the maximum sentence in this case. This letter too is impermissible and should not be considered by this Court in any capacity.

3

- The third letter is from a witness at trial. Concerningly, her letter is titled, in part, "what I would like to see in regards to sentencing." This is troubling because it, at least, suggests that the Government, through its victim-impact coordinator or another member of the prosecutorial team, provided this instruction as the framework for her letter. She states with power that she "deserve(s) justice too" but she was not a victim in this case. Indeed, she references being approached by a private investigator or that the FBI scheduled to meet with her when she had another event in support of this protestation. She too was not a victim in this case, and her letter should not be considered or admitted by the Court.

- The fourth letter is from Minor Victim's family friend. While there is no dispute that Minor Victim is fully within his rights to appropriately address the Court at the time of sentencing, there is insufficient nexus between this family friend and the victim. True, this friend asks for the "absolute maximum sentence possible", but it is unclear from the letter whether this individual has any first-hand knowledge of the impact this played on Minor Victim or his family. When one re-reads this letter with that question in mind, it becomes clear that she is simply commenting in generalities about the offense and espousing opinions without indicating that she actually bore witness to anything. Her letter is wholly inappropriate as a "victim" impact statement and should not be considered by this Court in any capacity.

- Similarly, the fifth letter submitted by the Government to the Court was written by an uncle to Minor Victim One. Again, applying the *Bosse* standard, it is grossly inappropriate for this author to call Mr. Bendann a "monster [who] must never be able to walk freely among us." This language is

4

inflammatory, has no probative worth whatsoever and should be stricken from the letter entirely.

- The sixth letter is from another witness at trial. Again, this individual is not, and was not, a "victim" in this case. However, he repeats the prevalent refrain that Mr. Bendann is a "monster." He highlights that he considers it a point of aggravation that Mr. Bendann exercised his right to go to trial and, accordingly, he (the witness) was required to admit to his homophobic and racist ideologies. However, the election to proceed with trial is not an aggravating factor that makes witnesses "victims" because the Government subpoenaed them to testify. This flies in the face of Sixth Amendment jurisprudence. Additionally, this witness calls for the maximum punishment which, as stated *supra*, cannot be part of a victim impact statement.

- The seventh letter is from Minor Victim One's uncle. He opines that Mr. Bendann is "truly evil," and that Mr. Bendann deserves a sentence of life in prison. This should be stricken from the letter before being considered by the Court as it is impermissible.

- The eighth letter is from a trial witness. She speculates, without any basis whatsoever that her brother "could have been next." She too was not a "victim," much less anyone in her family, and her letter should not be considered by the Court.

- The ninth and final letter is from Minor Victim One's Godparents. There is no objection to this letter: they are relatives of the victim and appropriately express the harm that the victim continues to experience.

10. Defendant concedes that *victims* can appropriately provide letters and sworn testimony to the impact that the events that bring us to sentencing have had on their

lives. But the foregoing is far from what the Government has submitted to the Court. These are not letters from people that have been proximately *victimized* by Mr. Bendann, and their letters uniformly violate the "prohibition on characterizations and opinions from a victim's family members about the crime, the defendant, and the appropriate sentence." *Bosse id.*

**WHEREFORE**, Mr. Bendann respectfully requests that the Court strike the impermissible victim impact testimony as outlined above.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Christopher Nieto
233 E. Redwood Street, Suite 1000C
Baltimore, MD 21202

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2025 a copy of the foregoing Motion *to Strike* was filed via ECF, which will cause it to be served on all counsel of record.

_____/s/_____
Gary E. Proctor
Attorney for Mr. Bendann