IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Crim. No. JKB-23-0278 |
| CHRISTOPHER KENJI BENDANN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In an earlier Order, the Court addressed several issues related to sealing documents in this case. (*See generally* ECF No. 176.) Now before the Court are four motions to seal: (1) a Motion to Seal Government's Redacted Sentencing Memorandum Filed and Replace with Attached Government's Amended Redacted Sentencing Memorandum ("Motion to Seal Sentencing Memorandum"), (ECF No. 174), itself filed under seal by the Government; (2) a Motion to Seal Attachments to Sentencing Memorandum, also submitted by the Government, (ECF No. 183); (3) a Motion to Seal Exhibits, submitted by Defendant, (ECF No. 186); and (4) a second Motion to Seal Exhibits,[1] also submitted by Defendant, (ECF No. 190). The Court addresses these motions and related issues below.

I.  The Government's Sentencing Documents & Related Motions

In its prior Order, the Court held in abeyance the Government's Motion to Seal Sentencing Memorandum until the Government advised whether it opposed unsealing that Motion, ECF No. 174, or either of its attachments, ECF No. 174-1 (the proposed order) and ECF No. 174-2 (the second redacted version of the Sentencing Memorandum). (*See* ECF No. 176 at 4.) Since then,

---

[1] Despite its title, this Motion does not seek to seal any exhibits, but rather seeks to seal one of Defendant's Replies to Government's Sentencing Memorandum. (*See* ECF No. 190 at 1.)

the Government has explained that it opposes unsealing the Motion itself as well as the redacted Sentencing Memorandum; it expresses no opposition to unsealing the proposed order. (*See* ECF No. 180.) As to the Motion itself, the Government argues that the Motion "specifically references the page [in a prior filing] where Minor Victim's name/version of his name was inadvertently unredacted," which prior filing had already been made available to the public, albeit briefly. (*See id.* at 1.) The Court is not persuaded that a single reference to a page in a filing that is no longer publicly accessible warrants sealing the document that made the reference. Accordingly, ECF No. 174 will be unsealed. As to the redacted copy of the Sentencing Memorandum, the Government explains that the redacted copy was itself under-redacted, having contained a reference to a minor, and has now been further redacted and submitted. (*Id.*) Given that the Government's more recent submission, ECF No. 180-2, is virtually identical and is appropriately redacted for public viewing, the older version, ECF No. 174-2, will remain sealed. Finally, the proposed order, ECF No. 174-1, will be unsealed, given the absence of any Government opposition to doing so.

To the extent the Government's Motion to Seal Sentencing Memorandum, ECF No. 174, seeks to seal ECF No. 173—another prior version of the Sentencing Memorandum that was not fully redacted—the Motion will be granted. But insofar as it seeks to replace ECF No. 173 (the first redacted version of the Sentencing Memorandum) with ECF No. 174-2 (the second redacted version of the Sentencing Memorandum), the Motion will be denied as moot, as, again, the Government has filed ECF No. 180-2, a third redacted version of the Sentencing Memorandum. Because that third version is the most recent the Government has submitted, it will be the operative version of the Sentencing Memorandum that can be viewed publicly on the docket.

In its earlier Order, the Court also directed the Government to advise whether it opposed unsealing two additional motions to seal, ECF Nos. 170 and 172, or either of the proposed orders

attached thereto, ECF Nos. 170-1 and 172-1. (*See* ECF No. 176 at 4.) The Government has since stated affirmatively that it does not oppose unsealing either ECF No. 170 or ECF No. 172; it has expressed no opposition to unsealing either ECF No. 170-1 or ECF No. 172-1. (*See* ECF No. 180.) Accordingly, all four documents—ECF Nos. 170, 170-1, 172, and 172-1—will be unsealed.

Separately, the Government's Motion to Seal Attachments to Sentencing Memorandum, (ECF No. 183), will be granted. In its earlier Order, the Court noted that the Government's request to seal three attachments to the Sentencing Memorandum was likely overbroad, and that filing redacted versions of those attachments would likely protect all relevant interests. (ECF No. 176 at 2–4.) Consistent with that observation, the Court directed the Government to file a renewed motion with respect to those documents. (*Id.* at 5.) The Government has since filed ECF No. 183, attached to which are two redacted copies of Exhibits A and B to the Sentencing Memorandum. (*See* ECF Nos. 183-2, 183-3.) The Court concludes the proposed redactions satisfy the standards it laid out in its prior Order, (*see* ECF No. 176 at 3). Accordingly, per the Government's request in ECF No. 183, the unredacted attachments filed with the unredacted Sentencing Memorandum, ECF Nos. 171-1 and 171-2, will remain sealed. The redacted attachments filed with the instant Motion, ECF Nos. 183-2 and 183-3, will remain unsealed.[2]

To summarize the state of the Government's sentencing documents: The operative versions of the unredacted (and therefore sealed) Sentencing Memorandum and Exhibits A and B thereto remain ECF Nos. 171, 171-1, and 171-2, respectively. The operative versions of the redacted (and

---

[2] Exhibit C, the third attachment to the Government's Sentencing Memorandum, is a recorded interview stored on physical media in the custody of the Court. (*See* ECF No. 171 at 20 n.4; ECF No. 180-2 at 20 n.4.) Because this exhibit exists in a form not supported by the docket, it will not be docketed, and because it is not redactable, it will remain sealed.

therefore unsealed) Sentencing Memorandum and Exhibits A and B thereto are docketed as ECF Nos. 180-2, 183-2, and 183-3, respectively.[3]

## II.     Defendant's Sentencing Documents & Related Motions

Defendant's first Motion to Seal Exhibits, (ECF No. 186), will be granted. Defendant has submitted his own Sentencing Memorandum, ECF No. 185, along with six attachments, four of which—ECF Nos. 185-1 to -4—are redacted for public viewing. Defendant has also submitted, under seal, unredacted versions of those attachments, docketed as ECF Nos. 187 and 187-1 to -3. Because the unredacted versions reveal the names of minors, they will remain sealed.

Finally, Defendant's second Motion to Seal Exhibits, (ECF No. 190), will be granted. On January 13, 2025, Defendant filed a Reply to Government's Sentencing Memorandum. (ECF No. 188.) That Reply contains no redactions and was not filed under seal, though it does refer to two individuals by their initials, (*see, e.g., id.* at 1 & n.1), and identifies one of them as an individual whom the Government, for purposes of sentencing, alleges was sexually abused by Defendant, but who was not the subject of the charges of conviction, (*see id.* at 1 (citing ECF No. 180-2 at 20)). In a seeming change of approach, Defendant's counsel have now (1) asked the Court to restrict access to—but not to seal—that Reply,[4] (*see id.*; Dkt. Entry, ECF No. 188 ("FILED IN ERROR PER COUNSEL")); (2) filed a separate, redacted version of the Reply for public viewing, (ECF No. 189); and (3) filed, under seal, a third, unredacted version of the Reply, with the individuals' full names, for the use of the Government and the Court, (ECF No. 191).

Because ECF No. 191, the third, unredacted version of Defendant's Reply, contains the full names of certain minors, and because ECF No. 189 contains only those redactions necessary

---

[3] Consistent with the Court's instructions in ECF No. 182, a second copy of the redacted attachments, along with a placeholder for Exhibit C, is docketed as ECF No. 184.

[4] Restricted documents are publicly viewable, but from courthouse terminals only.

to eliminate the resulting threat to those minors' privacy, the Court is satisfied that ECF No. 191 warrants sealing under the standards laid out in the Court's prior Order, (see ECF No. 176 at 3). Accordingly, pursuant to Defendant's second Motion to Seal Exhibits, (ECF No. 190), ECF No. 191 will remain sealed. Likewise, given the existence of a publicly viewable, narrowly redacted version of the Reply, and out of an abundance of caution in protecting the identities of the various minors connected with this matter, the Court will also seal ECF No. 188, the currently restricted, unredacted version of the Reply that refers to two minors by their initials only.

To summarize the state of Defendant's sentencing documents: The operative versions of the Sentencing Memorandum and Exhibits 2 and 3 thereto, none of which Defendant has moved to seal, remain ECF Nos. 185, 185-5, and 185-6, respectively. The operative versions of the unredacted (and therefore sealed) Exhibits 1a to -d to the Sentencing Memorandum are docketed as ECF Nos. 187 and 187-1 to -3, respectively, while the redacted (and therefore unsealed) versions of the same are docketed as ECF Nos. 185-1 to -4, respectively. An unredacted (and therefore sealed) Reply to Government's Sentencing Memorandum is docketed as ECF No. 191; a redacted (and therefore unsealed) Reply is docketed as ECF No. 189; and another unredacted (and therefore sealed) Reply, which uses certain minors' initials, is docketed as ECF No. 188.

For the foregoing reasons, it is ORDERED that:

1. The Government's Motion to Seal Sentencing Memorandum, (ECF No. 174), is GRANTED IN PART.

    a. It is GRANTED insofar as it seeks to seal ECF No. 173. The first version of the Government's redacted Sentencing Memorandum, (ECF No. 173), is SEALED.

    b. Otherwise, the Motion is DENIED AS MOOT.

2. The Government's Motion to Seal Sentencing Memorandum and the attached proposed order, (ECF Nos. 174, 174-1), are UNSEALED. The second version of the Government's redacted Sentencing Memorandum, (ECF No. 174-2), is SEALED.

3. The Government's Motion to Seal Government's Sentencing Memorandum and the attached proposed order, (ECF Nos. 170, 170-1), are UNSEALED.

4. The Government's Motion to Seal Attachments to Sentencing Memorandum and the attached proposed order, (ECF Nos. 172, 172-1), are UNSEALED.

5. The Government's Motion to Seal Attachments to Sentencing Memorandum, (ECF No. 183), is GRANTED. Exhibits A and B to the Government's unredacted Sentencing Memorandum, (ECF Nos. 171-1, 171-2), as well as Exhibit C, which is not docketed, are SEALED.

6. Defendant's Motion to Seal Exhibits, (ECF No. 186), is GRANTED. The unredacted versions of Exhibits 1a, 1b, 1c, and 1d to Defendant's Sentencing Memorandum, (ECF Nos. 187, 187-1 to -3), are SEALED.

7. Defendant's Motion to Seal Exhibits, (ECF No. 190), is GRANTED. The unredacted version of Defendant's Reply to Government's Sentencing Memorandum, (ECF No. 191), is SEALED.

8. Defendant's Reply to Government's Sentencing Memorandum, (ECF No. 188), is SEALED.

DATED this 14th day of January, 2025.

BY THE COURT:

/S/ JAMES K. BREDAR
James K. Bredar
United States District Judge